## J. W. HUBERT v. H. E. HUBERT.

### Decided May 24, 1907.

**1.—Levy and Sale—Collateral Attack.**

Where a sheriff's levy and sale are not void on the face of the proceedings, neither can be attacked collaterally for mere irregularities.

**2.—Alias Execution—Credit—Presumption.**

Where a credit appears on an alias execution issued on a judgment foreclosing a mortgage lien and ordering a sale of the mortgaged property, it will be presumed that the mortgaged property had been previously sold and the credit was the proceeds of such sale.

**3.—Undivided Interest—Levy of Execution.**

In levying an execution on an undivided interest in property in the possession of the other joint owner, the levy is properly made by giving notice thereof to the joint owner. Rev. Stats., 2349 and 2352.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*E. R. Campbell,* for appellant.—Where a judgment and execution are not void the presumption is that the execution was legally issued and properly executed, and where irregularities appear the same can not be discussed or attacked in a collateral proceeding. Earle v. Thomas, 14 Texas, 591; Laughter v. Seela, 59 Texas, 179; Ayres v. Duprey, 27 Texas, 603; Boggess v. Howard, 40 Texas, 158; Riddle v. Turner, 52 Texas, 150; Holmes v. Buckner, 67 Texas, 111; Morris v. Hastings, 70 Texas, 28; Jacob v. Daugherty, 78 Texas, 684; Sparks v. McHugh, 21 Texas Civ. App., 266; Rev. Stats., 1895, arts. 2349, 2352, 2371.

*A. C. Van Velzer,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Prior to April 7, 1906, the appellant and appellee were husband and wife. On that date, by a decree of the District Court of Harris County, the bonds of matrimony theretofore existing between said parties were dissolved and it was adjudged that the property in controversy in this suit, which consists of a lot of blacksmith's tools, that were in appellant's possession and were being used by him in conducting a blacksmith's shop in the city of Houston, was community property of appellant and appellee. It was further adjudged that said community was indebted in various amounts and that said debts were a charge upon said property. No partition or sale of the property was ordered, and the judgment went no further than to fix the rights of the parties in said property as above indicated.

On August 6, 1906, appellee brought this suit to recover of appellant a one-half interest in said property and one-half of the "income thereof" received by appellant after the decree above mentioned was rendered. The value of the property is alleged in the petition to be $1,000. It is further alleged that the property is incapable of partition; that the defendant is mismanaging the blacksmith business and appropriating to his own use the proceeds derived from the use of said property in carrying on said business, and the court is asked to appoint a receiver to take charge of said business and property. Plaintiff further asked that the amount of the community debts, which were a charge upon said property be ascertained; that said property be sold for purpose of partition, and that plaintiff recover her one-half of said property less her one-half of the community indebtedness, and that she also recover one-half of the income from said business.

Appellant answered by general demurrer and general denial and specially denied that appellee had any interest in said property or business. He further pleaded various items of indebtedness which he averred were community debts of himself and appellee and had been paid by him since the decree of divorce was granted, and prayed that one-half of said indebtedness, amounting to the sum of $528, be made a charge upon any interest which appellee might be adjudged to have in said property.

The trial was had before the court January 2, 1907, and it was decreed that plaintiff and defendant were each the owner of an undivided one-half interest in said blacksmith shop and appurtenances. That prior to the filing of the divorce suit there were community debts of the parties aggregating $175, which defendant has since discharged and for one-half of which plaintiff was liable. That plaintiff recover of defendant the sum of $20 per month from March 20, 1906, to December 31, 1906, aggregating $165, for one-half of the rental value of said property for said term, leaving a balance of $77.50, which it was adjudged plaintiff should finally recover against defendant. R. C. Maes was appointed receiver to take possession of said property, and commissioners were appointed to partition said property, and the defendant was enjoined from removing or in any way exercising control over any of said property.

The evidence shows that on August 2, 1906, in a suit in the Justice Court of precinct No. 1 of Harris County, brought by A. C. Ellis against appellee, a judgment was rendered in favor of said Ellis against the appellee for the sum of $31.80, with foreclosure of a mortgage lien upon certain personal property described in said judgment. On September 21, 1906, an alias execution was issued on this judgment and was levied upon the appellee's interest in the property in controversy in this suit. Under this levy the appellee's interest in the property in controversy was sold, after due notice, on October 6, 1906, and appellant purchased same and received a bill of sale therefor from the officer making such sale.

The trial court found that the levy upon appellee's interest in this property was void because it was not shown that the property upon which the lien, established by the judgment, was foreclosed, was first subjected to the payment of said judgment, and because no possession of the property was taken by the officer, and that the sale under such levy did not divest appellee of her title in the property. Under an appropriate assignment of error appellant assails these findings.

Upon the face of the proceedings the levy and sale were not void, and neither can be attacked collaterally for mere irregularities. Ayres v. Duprey, 27 Texas, 603; Holmes v. Buekner, 67 Texas, 111; Morris v. Hastings, 70 Texas, 28. If this was not the rule, the assignment should nevertheless be sustained, because it appears from the execution itself that a previous execution had been issued in the case and that the judgment was entitled to a credit of $12, and it is a fair inference from these recitals that the mortgaged property had been previously sold in satisfaction of said judgment and the recited credit of $12 was the net proceeds of such sale. Certainly, in the absence of any evidence to the contrary, the fact of whether the mortgaged property had been subjected to the satisfaction of the judgment, being clearly within the knowledge of the appellee, the inference from these recitals that said property had been so subjected, should prevail.

The interest of appellee in the property being an undivided interest, and said property at the time of the levy being in possession of appellant, the officer was not authorized to take possession thereof, and the levy would be properly made by giving notice to appellant. Rev. Stats., arts. 2349 to 2352.

It follows from these conclusions that the court below erred in rendering judgment for appellee for any interest in the property in controversy, her interest therein having been acquired by appellant by his purchase at the execution sale.

The undisputed evidence shows that one-half of the community indebtedness, which had been paid by appellant after the rendition of the divorce decree, exceeded the rental value of appellee's interest in the property for the time intervening between said decree and the execution sale, and if appellee's pleading be held sufficient to sustain a recovery of such rental value, the evidence would not authorize it.

The judgment of the court below should be reversed, and judgment rendered in favor of appellant that appellee take nothing by her suit, and it has been so ordered.

*Reversed and rendered.*