## A. C. KELSEY v. O. F. & R. J. COLLINS.

### Decided February 12, 1908.

**1.—Venue—Reconvention.**

Where the defendant files a plea in reconvention before the plaintiff, who is a resident of another county, dismisses his suit, a plea of privilege by the plaintiff to be sued on such counterclaim in the county of his residence, is properly overruled when defendant's counterclaim is inseparably connected with the subject matter of plaintiff's suit.

**2.—Same.**

A suit based upon fraudulent representations may be brought in the county in which said representations were made against a nonresident defendant charged with making said representations.

**3.—Jurisdiction—Counterclaim.**

Where the District Court has jurisdiction of plaintiff's suit, it also has jurisdiction of any counterclaim by the defendant growing out of plaintiff's cause of action, although the amount of the counterclaim is less than the original jurisdiction of the court.

**4.—Debt—Extension of Maturity—Parties Affected.**

One who buys land subject to a mortgage is not bound by an agreement subsequently made between the mortgagor and mortgagee postponing the maturity of the debt. In such case the purchaser may either ratify the agreement or may insist upon the status of the debt as it was when he bought the land.

**5.—Note—Premature Payment—Cause of Action.**

A defendant who, after suit filed, is induced by the misrepresentations of the plaintiff as to the maturity of the debt to pay the full amount of the debt, interest, attorney's fee and cost of court, is entitled to recover the unearned interest, attorney's fee and cost of court. Evidence considered, and held to show no negligence on the part of defendant in believing the representations of the plaintiff and paying the money sued for.

**6.—Charge—Submission of Undisputed Fact—Harmless, when.**

It is only when the jury may possibly have been misled and induced by a charge which submits as an issue an undisputed fact to doubt the existence of such fact, that such a charge is ground for reversal.

**7.—Counterclaim—Tender.**

Where, after suit filed upon a note and mortgage, a defendant, in settling the same, pays more than the plaintiff is entitled to, in a plea in reconvention for only such excess, it is not necessary that the defendant tender to the plaintiff the note and mortgage as they were before the payment.

Appeal from the 57th District Court, Bexar County. Tried below before Hon. A. W. Seeligson.

*J. C. Scott* and *Stayton & Berry,* for appellant.

*W. W. King* and *Semp Russ,* for appellees.

NEILL, ASSOCIATE JUSTICE.—On June 2. 1896, Garcia Villareal executed his promissory note to John P. Kelsey for $2916, payable on June 2, 1901, with interest from date at the rate of eight percent per annum, payable annually on June 2 of each year, it stipulating that, in default of payment of interest, the principal should become due and that, if it should be collected by suit, the maker should pay ten percent on the amount so collected as an attorney's fee. At the time the note was made Villareal executed to Kelsey a mortgage deed of trust on 6079 acres of land situated in Starr County, which was duly recorded in said county. On March 3, 1898, Villareal and others by their deed of that date conveyed the land to D. B. Fant, it being recited in the deed, as a part of the consideration, that the grantee had assumed the payment of note to Kelsey, which was a lien on the land. On March 19, 1898, Fant conveyed the land to his daughter, Ophia F. Collins, the consideration expressed being meritorious. On March 19, 1898, Ophia F. Collins, joined by her husband, R. J. Collins, executed a mortgage deed of trust on the

land to secure the payment of a note made by them to H. P. Drought & Co., for $5000 and five notes made by them for the interest thereon.

On January 5, 1904, the appellant, A. C. Kelsey, as the widow and sole devisee of John P. Kelsey, brought this suit in the District Court of Bexar County against Villareal and Fant to recover the principal on the $2916 note and the interest thereon accruing after June 2, 1903, attorney's fees and costs of suit, it being alleged that the interest up to the last named date had been paid; and against them and Ophia F. and R. J. Collins, H. P. Drought and H. P. Drought & Co. to foreclose the mortgage given by Villareal to secure its payment. On February 1, 1904, all the defendants answered by a general demurrer and denial, the answer being signed by H. P. Drought as their attorney. Afterwards, on March 5, 1904, Ophia F. Collins, joined by her husband, filed an answer signed by another attorney in which, after admitting that the land when deeded to her by Fant was charged with the mortgage to secure the note sued on, and her knowledge of the fact, she alleged: That on March 3, 1904, believing the note had become due, as alleged in plaintiff's petition, in order to avoid the foreclosure of the lien on the land, she paid the plaintiff the principal, amounting to $2916, $178.31 interest, $307 attorney's fees, and $32.35 costs of suit; that after paying said sums, she discovered that the time of the maturity of the note had been extended by agreements between D. R. Fant and plaintiff from time to time to June 2, 1904; that by reason of such extensions the note was not due when the suit was brought nor when said payments were made by her; and that, therefore, plaintiff was not entitled to recover the interest, attorney's fees stipulated, nor the costs of suit. Wherefore she prayed judgment for the amounts paid by her on such items, amounting in the aggregate to $517.66, together with interest thereon from date of payment at the rate of six percent per annum.

To this answer, the plaintiff, by supplemental petition, pleaded: (1) The privilege of being sued in Starr County, where she alleged she was domiciled; (2) To the jurisdiction of the court in that defendant's claim to the item of $178.31 interest paid by her was fraudulently asserted for the purpose of bringing the amount sought to be recovered by her within the jurisdiction of the District Court; (3) An estoppel, in that her attorney of record, H. P. Drought, when the payments were made and who acted for her in making them, had notice of the fact that D. R. Fant claimed that the time of the maturity of the note had been extended and that it was not then due, and that, notwithstanding such notice, he, as such attorney, made for defendants with plaintiff a full settlement of her demands, including the items sought to be recovered by them. The supplemental petition also contains general and special exceptions and a general denial, inserted in due order of pleading, to defendants' answer.

By supplemental and amended pleadings, Mrs. Collins admitted that the payments sought to be recovered were made by her attorney, H. P. Drought; but alleged that they were made by him under the

mistaken belief that the time of payment of the note had not been extended, which mistake was induced by the fact that Fant, after search therefor, represented that he was unable to produce the written evidence of such extension, and by the representations of plaintiff's counsel that the note was due when the suit was instituted. By her second supplemental petition, the plaintiff interposed general and special exceptions to these pleadings of defendants. Plaintiff's exceptions were overruled and the case was tried before a jury and the trial resulted in a judgment in favor of Ophia F. Collins and her husband, R. J. Collins, for $401.06.

This is the second appeal in this case, the other being by the present appellees from a judgment against them in favor of the present appellant. (97 S. W., 122.) On that appeal the judgment in favor of the plaintiff was reversed because the court erroneously submitted in its charge the question whether the time of the maturity of the note had been extended, the undisputed evidence showing as a matter of law that it had been so extended and that the note was not due when the suit was instituted and payments sought to be recovered by Mrs. Collins were made. Upon the trial, at which the judgment now appealed from was rendered, the only issue of fact was whether H. P. Drought, as defendants' attorney, had notice of the fact that the note, by reason of the extension of the time of payment, was not due when he made the payments. This issue (from the fact that the undisputed evidence shows that D. R. Fant had told Drought that he thought the note had been extended) involved the further questions, whether plaintiff's attorney in the case represented to Drought that the note had not been extended, and, if such representation were made, Drought paid the interest, attorney's fees and costs sought to be recovered by defendants upon the faith and under the belief that such representations were true. The principal issue and the question upon which its solution depended, as above stated, were submitted by the court to the jury in an appropriate charge, and were determined by a verdict in appellees' favor. And there being evidence to support the verdict, we, in deference to it, find the facts in accordance therewith.

*Conclusions of Law.*—1. There was no error in the court's sustaining defendants' exceptions to plaintiff's plea of privilege. The suit had not been dismissed when defendants by their answer demanded a repayment of the money which had been wrongfully claimed by plaintiff, and was paid by them through their attorney under the misapprehension, induced by the representations, that the note was due. It was proper, therefore, to adjudicate the defendants' claim in the court where plaintiff brought the suit on the demand which caused defendants to pay her money she was not justly entitled to receive, for it was inseparably connected with the subject matter of the suit. Besides, the misrepresentations that induced defendants' counsel to make the payments were made to him in Bexar County, which, if fraudulent, would defeat plaintiff's plea and authorize suit against her in that county for the recovery of money obtained from defendants by means of such fraud. Karnes v. Ross, 95 S. W., 46.

2. The suit having been brought by plaintiff in the District Court on a demand within its jurisdiction, the court had jurisdiction of defendants' cross-bill to recover the overpayment, although it was less than $500 in amount. Collins v. Kelsey, 97 S. W., 124; Ablowich v. Greenville Nat. Bank, 95 Texas, 429. If appellant's contention under this assignment were correct, a defendant could not plead a payment or any counterclaim to an action brought against him in the District Court, unless the amount of such payment or counterclaim exceeded five hundred dollars.

3. By the third assignment of error it is contended that inasmuch as the answer of defendants does not show that Mrs. Collins was a party to the contract to extend the time of payment, she was not entitled to the benefit of the same. This is as illogical as it would be to say that, because Mrs. Collins was not a party to the note and mortgage, the plaintiff was not entitled to a judgment of foreclosure against her. As she took the land subject to the mortgage, which was merely an incident to the debt, there was no cause of action against her until it accrued against her grantor, nor, consequently, against her, until the note became due, although the time of its payment had been postponed by an agreement between her grantor and the plaintiff. However, if the agreement was made after she became the owner of the property, it would not have prevented her from discharging the mortgage according to the contract as it existed when she became the owner of the land if she had desired to do so.

4. The proposition, embraced in the fourth assignment, that defendants' answer does not show any equitable ground for the recovery of the money, can not be maintained. It shows that the payment was made under the misapprehension of her attorney, induced by the representations of plaintiff's counsel, that the note was due, which, if true, would have rendered Mrs. Collins liable for the full amount claimed by plaintiff. If, then, the allegations in the answer were true (and the jury so found) the plaintiff was not in good conscience entitled to interest which had been paid, attorney's fees which had not attached nor costs accruing before her cause of action arose. Plaintiff's inequity in demanding and receiving the money under such circumstances demonstrates Mrs. Collins' equitable right to recover it. The plaintiff is in no position to say: "You should not have relied upon the representation that the note had never been extended; but, on the contrary, should have taken it as a falsehood and have used diligence to prove that it was; that by your failure to exercise such diligence you have allowed me to overreach and take from you what I was not entitled to as my own; and, now, I am going to keep what is yours, and not mine, because you failed to use diligence to prove my representations were untrue."

5. If D. R. Fant had paid the money and was suing, as are these defendants, to recover it, then there would be much force in plaintiff's seventh assignment of error, under which it is contended that, inasmuch as he told Drought that he thought the time for the payment of the note had been extended, Drought had sufficient notice of the extension before paying the money. In such a case it may

be that Fant could not recover because his own attorney believed plaintiff's attorney rather than himself. For Drought should have taken the statement of Fant as true and have acted upon it, and not upon the representations of his adversaries' attorney. If such had been the case, Fant would have to look to his attorney for the money wrongfully paid out and not the plaintiff. But we have no such case before us. Here Drought's action must be viewed from the standpoint that he was the attorney of Mrs. Collins and acting for her. She never knew of the existence of the debt nor mortgage on her property until the suit was brought; and, consequently, could rely upon the face of the papers upon which the action was based, which showed the debt was due; and upon her attorney to take such action in the matter as he deemed best for her interest. Drought, when Fant failed to produce the paper, which he told him he thought he had, extending the time of payment, didn't believe that he had such paper or that the extension had been made; but believed the representation made to him by plaintiff's attorney, that it had not; and, acting for Mrs. Collins, under such belief, paid the money in ignorance of the fact that it was not due. Under these facts we entertain no doubt that Mrs. Collins was entitled to recover.

6. The undisputed evidence so clearly showed that H. P. Drought, as the attorney of the appellees, paid the money after he had been told by D. R. Fant that he thought the note had been extended, that it was error to submit such fact to the finding of the jury, as was done by the first clause of the second paragraph of the court's charge. But it is only when the jury may possibly have been misled and induced by a charge which submits as an issue an undisputed fact to doubt the existence of such fact, that such a charge is ground for reversal. Johnson v. International & G. N. Ry. Co., 24 Texas Civ. App., 148. In view of the positive and undisputed evidence, showing the existence of such fact beyond the shadow of a doubt, it was impossible for the jury to have been misled by the charge into finding that such fact did not exist. The clause in question was simply used as a hypothesis for submitting the only issue in the case, that is, whether Drought paid the money upon the faith of the representations of plaintiff's attorney that the note had not been extended. Its effect upon the jury could not have been different had it been in this form: "Although the undisputed evidence shows that H. P. Drought, acting as the attorney of Ophia F. and R. J. Collins, paid the money after he was told by D. R. Fant that he thought the note had been extended, 'yet, if you believe that . . . the attorney of Mrs. Kelsey represented to Drought that the note had not been extended, and that he paid the interest, attorney's fees and court costs upon the faith of the representations made by said attorney, you will return a verdict for Ophia F. and R. J. Collins against Mrs. A. C. Kelsey.'" The charge is distinguishable from that which we held erroneous on the prior appeal, in that there a full and thorough consideration of all the testimony bearing upon the question was required to show that the fact of the extension of the note was indisputably established; but here it was patent from the undisputed testimony of Drought himself that "Fant had told him

before he paid the money that he thought the note had been extended," making it impossible for the jury to believe to the contrary.

7. What we have said in considering other assignments disposes of the remaining ones which attack the second paragraph of the charge, as well as the eleventh, twelfth and thirteenth assignments of error, which complain of the refusal of certain special charges requested by plaintiff.

8. The fourteenth assignment complains of the refusal of the court to grant plaintiff's request to give this charge:

"You are instructed by the court at the request of the plaintiff, Mrs. A. C. Kelsey, that before the defendants, Collins and wife, can recover in this cause they must offer to put Mrs. A. C. Kelsey in as good a situation as she was before the payment of the note, tendering back the good and valid note and deed of trust as they were before such payment." We are unable to perceive that plaintiff would be in a better position with the note and deed of trust than she was with all the money such instruments were given for and to secure; nor can we see what right she had to such documents after they had been fully paid off and discharged.

9. Our conclusions of fact dispose of the fifteenth assignment of error, which complains that the judgment is contrary to the law and the evidence, adversely to appellant. The judgment is affirmed.

*Affirmed.*

Writ of error refused.