**SERVICE DRILLING CO. et al. v. WOODS et al.**

**No. 8829.**

Court of Civil Appeals of Texas. Austin.
Oct. 19, 1938.

Rehearing Denied Nov. 2, 938.

Gaynor Kendall, and Homer C. De-Wolfe, both of Austin, for appellants.

Black, Graves & Stayton, of Austin, for appellees.

BLAIR, Justice.

This appeal is from an order granting the plea of privilege of appellees, C. C. Woods and his wife, Margerate Woods, B. H. Blakeney, and Hugh Corrigan, to be sued in Brown county, the residence of the Woods, with respect to the cross-action of appellants, Service Drilling Company, A. E. Service, Ray Brownfield, and M. R. Hemphill, for $300,000 damages plead in the alternative in the event the State is entitled by its suit to terminate or cancel the oil and gas lease of appellants covering the 120 acres of land in Ector county, executed by the Woods, individually and as owners of the soil and agents of the State under the relinquishment act (Art. 5367, R.S.). The plea of privilege was controverted on the ground that the cause of action asserted by appellants' cross-action arose out of the same transactions as did the cause of action asserted by appellees in their petition of intervention against appellants.

We have reached the conclusion that the trial court erred in sustaining the plea of privilege.

The State of Texas brought suit against appellants in trespass to try title to recover the 120 acres of land; the particular question for determination being the right of the State to terminate or cancel an oil and gas lease executed by the Woods under the relinquishment act, because of the alleged failure of the appellants to develop the lease in accordance with its terms on

or prior to February 21, 1937. Appellants filed a plea in abatement to the State's suit because the Woods were not made parties defendant. Before the court acted upon said plea the Woods and the other appellees who have an interest in the land filed their motion for permission to intervene in the cause, which was granted. Appellees intervened, and asserted that the oil and gas lease had terminated under its terms for failure on the part of appellants to develop same; and joined the State in its prayer for cancellation of the lease.

Appellees further alleged in their petition of intervention that appellants had placed on the land in question certain machinery and equipment which they had no right to do; that appellees were the surface owners of the land involved in the State's suit and covered by the oil and gas lease; that as the owners of the surface of the tract of land in question they had the right to make a new oil and gas lease for a new consideration, of which they were entitled to a one-half interest; that the lease was valuable and that large sums of money could be obtained for the oil and gas lease thereon; that they desired that the lease be cancelled; and they prayed, in addition to joining the State in its prayer for cancellation of the lease, that they be granted such relief as they might have shown themselves entitled to, both in law and in equity.

By their cross-action appellants alleged that they had drilled and were drilling on and before February 21, 1937, an oil well upon the land in question; that they had contracted for the completion of a well upon the premises which had been made prior to the 21st of February, 1937, and had commenced the drilling of the well thereunder prior to February 21, 1937; that because of the conduct of appellees, C. C. Woods, B. H. Blakeney, and Hugh Corrigan, they had been wrongfully prevented from carrying out the terms of the contract; that their employees had been driven from the premises; and by threats, particularly by Woods, they had been wrongfully prohibited from drilling the oil and gas well prior to February 21, 1937. Appellants further alleged that if the State were not bound by the acts of C. C. Woods and associates, and was entitled to terminate the lease, then, in the alternative, they prayed that they be allowed to recover $300,000 as the value of the lease which had been terminated by the wrongful acts and conduct of the appellees named, in interfering with the drilling of the land for oil and gas.

■ It is manifest that the cause of action asserted in the cross-action filed by appellants arose out of the same transactions as did the cause of action declared on by appellees. Appellees' petition in intervention alleged that they owned the surface interest in the land; that appellants were trespassing upon that surface interest by placing machinery and equipment thereon used in the drilling of wells for oil and gas; and that appellants had no right to do so. They alleged further that appellees had the right under the relinquishment act, if the lease had been terminated by failure of appellants to develop it, to make a new lease for oil and gas on the land; that appellants' lease was at an end because they had failed to develop it in accordance with the contract; and that the action of appellants in attempting to develop the lease and their claim to title to the mineral interest under and by virtue of the lease of February 21, 1927, and the assignments thereunder cast a cloud upon the State's and their own title and prevented appellees from making a new oil and gas lease on the premises, which they had a right to do under the relinquishment act; and that they would be entitled to one-half of the bonus, rentals and royalties under the new lease contract which they desired to make. They adopted the prayer of the State for termination of the lease, and further prayed that they be granted such further relief, both general and special, at law and in equity to which they showed themselves entitled. Manifestly if appellees by their own conduct had prevented appellants from developing the lease, and if the State is held not to be bound by such acts and conduct, and the State is further held entitled to cancel the lease because of nondevelopment by appellants, appellees are responsible in damages for their wrongful acts and conduct. The law is settled that where a party defendant or intervener in a suit invokes the jurisdiction of the court for affirmative relief against another or co-defendant, the latter by reconvention or cross-action may recover of intervener damages growing out of the same transaction declared on by intervener. De La Vega v. League, 64 Tex. 205; Bailey v. Federal Supply Co., Tex.Com.App., 287 S.W. 1090; Jesse

610

French Piano Co. v. Williams, Tex.Civ. App., 102 S.W. 948; Kelsey v. Collins, 49 Tex.Civ.App. 230, 108 S.W. 793; Mumme v. Spies, Tex.Civ.App., 15 S.W. 2d 137; Andrews v. Whitehead, Tex. Civ.App., 60 S.W. 800.

We do not deem it material whether appellees voluntarily intervened in this suit and set up their cross-action, or whether they were compelled to do so by plea in abatement as they contend. The record shows, however, that they voluntarily intervened in the suit, and sought the affirmative relief against appellants. Milliken v. Anderson, Tex.Civ.App., 294 S.W. 921; Savage v. Cowen, Tex.Com. App., 33 S.W.2d 433, 435.

The several propositions of appellees in which they discuss the rights of the parties under an oil and gas lease executed under the relinquishment act do not appear to be material here. Briefly, they urge that the State was not bound by the acts of appellees, the surface owners, in hindering the performance of appellants in the development of the lease, and that therefore the State is entitled to terminate the lease, although appellants were prevented from developing the lease by the wrongful interference of appellees.

 Appellees further contend that there is not a proper joinder of parties or causes of action with regard to the alleged torts committed by appellees upon appellants. These matters go to the merits of the controversy between the State and appellants and between appellees and appellants, and are not properly matters to be considered on appellees' plea of privilege. Reagan County Purchasing Co., Inc., v. State, Tex.Civ.App., 65 S.W.2d 353; Tide Water Oil Co. v. Bean, Tex.Civ.App., 118 S.W.2d 358. In any event, appellees set up that the lease had terminated and should be forfeited or cancelled because of non-development in accordance with its terms; that appellants in attempting to develop the lease were trespassing upon their property; and in effect prayed that the lease and all acts of appellants as clouds upon appellees' surface right be cancelled. In answer to this appellants alleged that appellees' wrongful acts and conduct had caused the failure to develop the lease within the time specified therein, in that appellees had slandered appellants' title to the oil and gas lease and had interfered with appellants' employees in the development of the oil and gas lease, and had driven them from the premises, and by threats and other conduct had declared that they were trespassers upon the premises; and that such acts of appellees were the proximate cause of appellants' failure to develop the property for oil and gas; and that the reasonable value of the leasehold estate to appellants was $300,000. The causes of action thus asserted by appellees and appellants grew out of the same transaction and are determinable in this suit.

Appellants also contend that by filing a motion for continuance after they had filed their cross-action, and by other proceedings and answers, appellees have waived their plea of privilege. Since we have concluded that the plea should be overruled, it is not necessary to discuss the waiver question.

The order of the court appealed from is set aside, the cause is remanded with instructions to the trial court to overrule the plea of privilege.

Order appealed from set aside; cause remanded with instructions.