## HUGHES v. HUGHES.
### No. 2674.

Court of Civil Appeals of Texas. Eastland.
May 7, 1948.

Rehearing Denied June 11, 1948.

Smith & Smith, of Anson, for appellant.

Smith, Eplen & Bickley, of Abilene, for appellee.

GRISSOM, Chief Justice.

In 1939, Winnie Hughes obtained a divorce from J. H. Hughes in the 42nd District Court of Taylor County. In the same proceeding, the custody of their children was awarded to Winnie Hughes. The judgment fixed a monthly allowance to be paid by J. H. Hughes to Winnie Hughes for the support of the children. In 1947, Winnie Hughes, who then resided with said children in Jones County, filed a petition in the same court in Taylor County wherein the 1939 judgment was rendered in which she alleged that J. H. Hughes had failed to comply with the orders of said court, in that, he had failed to make all of the payments for support of the minors ordered by the court. She prayed that he be held in contempt of court and fined. She further alleged that she had the full care and custody of their three minor children and had kept them under her care and control, except when J. H. Hughes had, without her consent, taken said children from her and carried them away. She alleged that all of said children were now of school age and were in school; that J. H. Hughes had remarried and had taken the responsibility of another family and had neglected his children; that J. H. Hughes had violated the order of the court giving her full care, custody and control of the children and giving him only the right to visit them at reasonable times; that J. H. Hughes had from time to time gone to her home in Jones County and induced the children to leave her home and go with him and had undertaken to persuade the children to live with him; that he had made them alluring promises in an effort to influence them to abandon her. She alleged that about ten days prior to the filing of said petition, J. H. Hughes induced the boy, Joe Mack Hughes, to leave her and go and live with him; that he had promised Joe Mack all kinds of entertainment in persuading him to join J. H. Hughes in Taylor County; that the father had taken charge of Joe Mack and had taken him out of the Anson School, which he had previously attended, and placed him in a school in Abilene, and had undertaken to completely deprive her of the custody and control of Joe Mack, in violation of the orders of the court. She alleged that J. H. Hughes would ultimately destroy the care and custody of said children awarded to her unless said court mandatorily enjoined and commanded him to return Joe Mack to her care and custody. She further alleged that J. H. Hughes would continue to interfere with her custody and control of the children unless said court restrained him from doing so. Winnie Hughes further alleged that conditions had changed since the custody of the children was awarded to her; that living expenses were then about one-third of what they are now; that the three children were not then of school age; that the three children are now in school; that they now require more care, clothing, food and attention than they did when the original order was entered in 1939. She further alleged a changed condition in that J. H. Hughes had since said original order, better established himself in his profession and now enjoys a larger income and is now able to contribute a larger amount for the support and education of the children. Wherefore, she asked that the order be changed; that J. H. Hughes be commanded to make increased monthly payments for the support of the children. She prayed

that J. H. Hughes be held in contempt for disobeying the orders of the court and fined; that he be compelled to pay the balance of the unpaid monthly allowances, which she alleged was $2,240.00. She further prayed that said court mandatorily enjoin and command J. H. Hughes to return Joe Mack to her and that said court enjoin and restrain J. H. Hughes from further interfering with her care, custody and control of said children; that he be enjoined from attempting to induce the children to leave her and their home in Jones County, and that the court enter its order directing J. H. Hughes to pay an increased monthly allotment for the support, maintenance and education of the said children, and that he be required to pay interest on the past due monthly payments, plus attorneys fees and court costs.

Thereafter, J. H. Hughes filed an answer to said petition in which he sought to justify his partial failure to make the payments theretofore ordered by said court and to show cause why he should not be held in contempt of court. He denied that he had ever tried to take any of said children from the custody of their mother or attempted to persuade them to come to him in Taylor County. He alleged that the sum sought as monthly payments for the support of said children was unreasonable. He further alleged that he now has a good home and is able to take care of the children in his home. He alleged that he would be glad to have them and provide a good home for them, but that he did not desire to pay the full sum necessary for their support and maintenance under the dictations of Winnie Hughes, said money to be expended wholly according to her own will and pleasure.

J. H. Hughes also filed a counter claim in which he asked the court to change its former order and award the custody of his son, Joe Mack Hughes, to him. He alleged that Joe Mack desired to live with him and wanted to enter school where his father lived and that he and his present wife were anxious to have Joe Mack and that such a change would be to his best interest. He further prayed that the previous order with reference to the custody of all the children, which provided that he should

have a right to see them at reasonable times, be amended so that his children would be permitted to come and stay in his home at reasonable times, when such visits would not interfere with their education.

Thereafter, Winnie Hughes filed a plea of privilege in which she asserted her right to be sued on the counter claim in Jones County where she and the children reside. The plea of privilege was controverted. In his controverting affidavit, J. H. Hughes alleged the facts in substance as alleged in his counter claim. He alleged the action of Winnie Hughes in filing her petition in the district court of Taylor County. He alleged the filing of his counter claim. He alleged that a hearing on the petition of Winnie Hughes and his answer and counter claim would involve the same testimony as would be adduced in connection with the relief sought by Winnie Hughes in her petition and that the relief sought in his counter claim grew out of and was a part of the subject matter of her petition, all of which grew out of the main action pending in said court since 1939, and that his counter claim was inseparably connected with the subject matter of such suit. He further alleged that Winnie Hughes, by instituting said proceedings in Taylor County, had submitted to the jurisdiction of that court and had waived her right to insist upon having the custody of Joe Mack litigated in the county of her residence separately from the subject matter of her petition. He also alleged that the counter claim should be heard in Taylor County in order to avoid a multiplicity of suits. Upon a trial to the court, the plea of privilege was overruled and Winnie Hughes has appealed.

 Appellant contends the court erred in overruling her plea of privilege to be sued in Jones County because in such a proceeding, any subsequent application to readjudicate the custody of the children constitutes an independent suit, the venue of which lies in the county of residence of the appellant and said minors. She cites, among others, Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016. The applicable rule is stated in 38 Tex.Jur., pages 402, 403, as follows:

"As shown in the article that treats of venue, a defendant is entitled to be sued in the county where he resides, unless the case comes within some of the statutory exceptions. This is true of a defendant in a cross-action on a cause of action which is distinct and severable from the controversy in the main suit. Thus the defendant in the main action cannot, by bringing a cross-action against a person not a party to the original suit on an independent cause of action, defeat such person's privilege to be sued in the county of his residence or in the county in which land that is the subject of the cross-action is located. But a cross-action or plea in reconvention growing out of or incidental to the subject matter of the main action may and should be tried in the same county. And a cross-action on a claim which is inseparably connected with the subject matter of the main suit is properly adjudicated in the court where that suit is brought, though the plaintiff or a codefendant against whom the cross-action is filed does not reside there. By instituting a suit in a county other than that of his residence' the plaintiff submits to the jurisdiction of the court of that county as to all matters growing directly out of the subject matter of the suit; and thereby he waives his right to insist on his privilege to be sued in the county of his domicile on a cause of action of that character asserted in a cross-action, though he afterwards takes a nonsuit."

Appellee recognizes the rule announced in Lakey v. McCarroll, supra, to the effect that a suit to readjudicate the custody of minors on account of a change in conditions after the divorce judgment is not controlled by the statute authorizing the court wherein the divorce judgment is rendered to retain jurisdiction to alter or enforce the support order but that the venue of a suit to change custody is in the county of the residence of the defendant. Appellee contends, however, that appellant, by filing said petition in the District Court of Taylor County waived her right to have the question of custody determined in Jones County, where she resides. Appellee contends that he has the right to have adjudicated in the court wherein appellant filed her petition, a counter claim or plea in reconvention that grew out of, or was connected with, or incident to the main action as evidenced by appellant's petition. In 67 C. J. 94, the rule is announced as follows:

"By laying venue in a particular county, plaintiff may waive his right subsequently to assert that the venue was improper, since he submits himself to that jurisdiction for all purposes of defense. Hence, defendant may, in such suit, set up a counter claim which would otherwise require another venue."

In De La Vega v. League, 64 Tex. 205, 215, the Supreme Court of Texas said:

"A suit upon a monied demand, brought in the county of a defendant's residence by a resident of another county, may be met with a counter demand against the plaintiff, and a recovery may be had upon the counter demand, though if suit had been originally commenced upon it, the county of the plaintiff's residence would have had exclusive jurisdiction. And so with other cases that might be supposed. A plaintiff calling a defendant into court for the purpose of obtaining relief against him invites him to set up all defenses which may defeat the cause of action sued on, or any other appropriate and germane to the subject matter of the suit, which should be settled between the parties before a proper adjudication of the merits of the cause can be obtained. He grants him the privilege of setting up all such counterclaims and cross-actions as he holds against the plaintiff which may legally be pleaded in such a suit.

"This is particularly the case in our state, where a multiplicity of suits is abhorred, and a leading object is to settle all disputes between the parties pertinent to the cause of action in the same suit. The question of the original right to bring the cross-action in the county where the suit is pending cannot be raised; otherwise this design would, in a large number of cases, be defeated, and the various matters which could well be settled in the cause might have to seek a number of different counties, and be asserted in a number of different suits, before the controversy between the parties could be settled. The plaintiff must be con-

sidered as waiving any privilege to plead to the jurisdiction in such cross-actions, and as consenting that the defendant may assert in the suit any demands which he could plead were it commenced in the county where such demands were properly suable." See also Commonwealth of Massachusetts v. Davis, Tex.Civ.App., 160 S.W.2d 543, 547; Mumme v. Spies, Tex.Civ.App., 15 S.W.2d 137, 138; Reagan County Purchasing Co., Inc., v. State, Tex.Civ.App., 65 S.W.2d 353; Jesse French Piano & Organ Co. v. Williams, Tex.Civ.App., 102 S.W. 948; Stevens v. Lee, 70 Tex. 279, 8 S.W. 40; Closner v. Chapin, Tex.Civ.App., 168 S.W. 370 (writ ref.); Kelsey v. Collins, 49 Tex.Civ.App. 230, 108 S.W. 793 (writ ref.); Humphreys v. Young, Tex.Civ.App., 293 S.W. 655; Bailey v. Federal Supply Co. Tex.Com.App., 287 S.W. 1090.

■ Unquestionably, appellee's plea in reconvention grew out of and was incidental to the subject matter of appellee's petition. Appellant alleged changed conditions since the entry of the original custody and support order. She alleged that all the children were now old enough to go to school; that the cost of their support was three times what it was when the original order was made; that the children now required more care, attention and expense; that appellee had better established himself in his profession and was making more money, and the like. She sought changes in, or additions to, the original order relative to both support and custody. She prayed for a judgment compelling appellee to return Joe Mack to her custody and an injunction prohibiting appellee from interfering with her custody of all the children. By filing the comprehensive petition in the District Court of Taylor County, appellant submitted to the jurisdiction of that court as to all matters growing directly out of the subject matter of her suit and thereby waived her right to assert the privilege of being sued for the custody of Joe Mack Hughes in the county of her domicile. By maintaining the cross-action in Taylor County, a multiplicity of suits will be avoided.

The judgment of the trial court is affirmed.

LONG, J., disqualified and not sitting.