### BAILEY v. FEDERAL SUPPLY CO.
### (No. 847–4567.)

(Commission of Appeals of Texas, Section A. Nov. 17, 1926.)

**1. Dismissal and nonsuit ⊂⇒42.**

Order allowing plaintiff to take nonsuit, under Rev. St. 1925, art. 2182, *held* not to have effect of dismissing cross-action.

**2. Venue ⊂⇒17—Plaintiff suing outside county of domicile held to waive right to be sued at domicile on cause of action asserted in cross-action (Rev. St. 1925, art. 2182).**

Company instituting suit in county other than that of its residence *held* to waive right to insist on privilege to be sued in county of domicile, on cause of action asserted in cross-action, though it had taken nonsuit, under Rev. St. 1925, art. 2182.

**3. Pleading ⊂⇒111.**

Where right to insist on plea of privilege was waived, plaintiff need not be served with copy of controverting plea with notation by judge of time for hearing on plea of privilege, within Rev. St. 1925, arts. 2007, 2008.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by the Federal Supply Company against J. F. Bailey, in which defendant sought recovery by way of cross-action. Plaintiff took a nonsuit, judgment for defendant on the cross-action was reversed by the Court of Civil Appeals (279 S. W. 491), and defendant brings error. Judgment of Court of Civil Appeals reversed, and cause remanded.

J. A. Kibler, G. Tom Shires, and W. V. Dunnam, all of Waco, for plaintiff in error.

Clay Cooke, of Fort Worth, for defendant in error.

BISHOP, J. The defendant in error, Federal Supply Company, a corporation domiciled in Tarrant county, Tex., in September, 1924, filed suit in the district court of McLennan county against plaintiff in error, J. F. Bailey. On December 13, 1924, Bailey filed his amended answer in which, by way of cross-action, he sought recovery against said company. On December 16, 1924, the attorney representing the company, by a letter addressed to the judge of said court, requested that it be allowed to nonsuit its cause. This written request is:

"In the matter of the Federal Supply Company v. Dr. J. F. Bailey, which has been set for trial in your court for the 17th.

"I have recently discovered that the defendant Bailey has filed what purports to be a cross-action, but has not cited the plaintiff.

"As before stated to you by letter from me, the Federal Supply Company desires to nonsuit its cause, as I, the attorney for it, will be unable, due to unforeseen contingencies, to be in your city."

On December 17, 1924, the court, acting on this request, made and entered the following order:

"On this 17th day of December, 1924, upon request of plaintiff herein it is ordered, adjudged, and decreed by the court that the above numbered and entitled cause be and same is hereby dismissed at plaintiff's costs, for which execution may issue."

On the same day this order was made and entered the clerk of the court issued citation on the cross-action, directing service on the company and requiring it to answer at the next term of the court in February, 1925. This citation was duly served on December 19, 1924. On January 30, 1925, the company filed its plea of privilege, claiming the right to have the cause of action against it tried in Tarrant county, the place of its domicile. On February 9, Bailey filed written objection to the plea of privilege, contending that the company, having filed its suit against him, thereby waived the right it might have otherwise had to insist on its privilege to be sued in Tarrant county. On March 30, 1925, the court rendered and entered the following judgment, to wit:

"On this the 30th day of March, 1925, came on to be heard the plea of privilege filed herein by the plaintiff, Federal Supply Company, to the cross-action of the defendant, as shown by defendant's first amended original answer filed herein December 13, 1924, and the same, having been considered by the court, is in all things overruled.

"And thereupon said cause came regularly on for trial, and came the defendant by its attorney, and announced ready for trial on his cross-action, but the plaintiff, although having duly entered its appearance herein as to such cross-action, came not; and, a jury being waived, the matters of fact, as well as of law, were submitted to the court; and the court, after hearing the evidence and being fully advised in the premises, is of the opinion that the law and the facts are with the defendant on his said cross-action.

"It is therefore ordered, adjudged, and decreed by the court that the defendant, J. F. Bailey, on his cross-action do have and recover of and from the plaintiff, Federal Supply Company, the sum of $5,505.40, together with interest thereon from this date at the rate of 6 per cent. per annum, and all his costs in this behalf expended; for which let execution issue."

From this judgment, the company appealed to the Court of Civil Appeals and that court reversed the judgment and remanded the cause, holding: (a) That the above-quoted order, made and entered on the request of the attorney for the company to nonsuit its case, was a final judgment dismissing the cause asserted in Bailey's cross-action, and (b) that the court erred in overruling the company's plea of privilege for the reason that the district judge did not note on the copy of the written objection served on the company the "time for a hearing on the plea of privilege," as required by article 2008, R. C. S. 1925. 279 S. W. 491. Error is here assigned on these holdings.

[1] Article 2182, R. C. S. 1925 (article 1955, R. S. 1911) gave the company the right to take a nonsuit, but it expressly provides that it should "not thereby prejudice the rights of an adverse party to be heard on his claim for affirmative relief." The request made by the company was to nonsuit its cause of action against Bailey, and not to dismiss Bailey's cause of action against it. The order expressly grants this request, and it was neither intended nor construed by the trial court to have the effect to dismiss the cross-action. Bailey's right to affirmative relief was not prejudiced by this order. See Brooks v. Taylor (Tex. Civ. App.) 214 S. W. 361; Hill v. Patterson (Tex. Civ. App.) 191 S. W. 621.

[2, 3] The record in this case shows that the company had, by instituting this suit in the district court of McLennan county, submitted to the jurisdiction of that court and waived its right to insist on its privilege to be sued in the county of its domicile on the cause of action asserted in the cross-action. It knew, when nonsuit was taken by it, that Bailey had filed his cross-action and was insisting on affirmative relief, and it was charged with knowledge that it could not question his right to bring the cross-action in the county where the suit was pending. De La Vega v. League, 64 Tex. 205. Having waived its right to file or insist on its plea of

privilege, articles 2007 and 2008, R. C. S. 1925, relating to such pleas, are not applicable, and it has no right to insist that it was entitled to be served with a copy of controverting plea, with notation made by the judge of the time for a hearing on the plea of privilege. It had waived its right and was entitled to no such hearing.

The Court of Civil Appeals, having reversed the judgment of the district court and remanded the cause on its holdings herein discussed, did not consider other assignments of error presented by the company on its appeal. We therefore recommend that the judgment of the Court of Civil Appeals be reversed and that the cause be remanded to that court for further consideration.

CURETON, C. J.     Judgment of the Court of Civil Appeals reversed and cause remanded to the Court of Civil Appeals for further consideration.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.