## SOUTHERN CASUALTY CO. v. BAILEY et al.

### No. 1949.

Court of Civil Appeals of Texas. Beaumont.
May 1, 1930.

Barnes & Barnes, of Beaumont, for appellant.

H. G. Butts and Hunt & Hunt, all of Houston, and F. G. Vaughn, of Beaumont, for appellees.

WALKER, J.

This is an appeal by Southern Casualty Company from the following order entered by the district court of Jefferson county on the 24th day of September, 1929: "It is therefore considered ordered adjudged and decreed by the Court that the motion presented by the plaintiff, Frank Bailey, for a non suit, praying that this case be dismissed from the docket, be here and now in all things sustained, and this case is here and now in all things dismissed from the docket of this court at plaintiff's cost, to which action on the part of the court intervenor, the Southern Casualty Company, then and there objected and excepted, and gave notice to appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, and on motion of said intervenor is allowed ninety (90) days in addition to the time allowed by law in which to prepare and file its Bill of Exceptions and Statements of Facts herein."

Appellee Frank Bailey instituted this suit at common law against appellees H. E. and O. E. Vallee to recover damages for personal injuries inflicted upon him through the alleged negligence of the defendants. With permission of the court Southern Casualty Company intervened under the provisions of article 8307, § 6a, Rev. St. 1925, claiming subrogation to the extent of certain sums paid by it to Bailey. For cause of action, intervener alleged that Triangle Auto Service was Bailey's employer; that said employer carried liability insurance, as required by the Workmen's Compensation Act, with intervener; that Bailey was injured in the course of his employment; that intervener, recognizing its liability to Bailey, had paid to him certain compensation together with hospital bills, medical bills, etc. The prayer was for subrogation out of any sum Bailey might recover against the defendants. Without further review of the petition of intervention, it is sufficient to say it stated a cause of action for subrogation under the provisions of the cited article. After this petition was filed, without notice to intervener or the defendants, Bailey dismissed his cause of action. Afterwards the case was reinstated upon motion of intervener. Bailey then filed a formal motion to dismiss, of which due notice was given. All parties appeared, and the motion was duly argued, Bailey and defendants insisting that the cause of action be dismissed, and Southern Casualty Company contesting the motion. The trial court sustained the motion by the order copied above. Intervener duly excepted to the judgment of the court, and has prosecuted its appeal in due form.

No point was made on oral argument against appellant's right to a hearing on its petition of intervention. In fact, under the provisions of the article cited, appellant had a clear right to intervene and to be subrogated to the extent of the sums paid by it within the provisions of this article. The only point before us is the nature of the order appealed from. Appellees insist that this order is interlocutory, and, as far as the record shows, that appellant's plea of intervention is still pending on the docket of the lower court for trial. Appellant insists that the order appealed from is a final order, dismissing not only Bailey's cause of action, but also its plea of intervention. We think appellant has correctly construed the order. It was expressly decreed by its terms that "this case is here now in all things dismissed from the docket of this court." "This case" consisted not only of Bailey's petition, but also of appellant's plea of intervention and the issues made by the answer of defendants. In thus wording the order it was the clear intent of the trial court to dismiss the "case" in all respects from the trial docket. Appellant was insisting that its plea of intervention be not dismissed, and excepted to the order as having that effect. Had the trial court intended to leave the plea of intervention on its docket, this intent could have been manifested by proper language. Certainly where a case is "in all things dismissed from the docket," there is nothing left for further adjudication.

In support of their motion to dismiss, appellees have cited Thomason v. Sherrill (Tex. Civ. App.) 4 S. W.(2d) 304, 306, and Bailey v. Federal Supply Company (Tex. Com. App.) 287 S. W. 1090. Both of these cases were appeals from orders of dismissal. They are not in point, however, because it was said of both of them that the orders of dismissal did not evidence an intention to dismiss the cross-actions filed by the defendants, while, in the case before us, the intent to dismiss the plea of intervention was manifested not only by the express language of the order but by the construction given to it by the parties themselves, as well as by the court.

It follows that the judgment of the trial court must be reversed, and the cause remanded for a new trial.

Reversed and remanded.