## GAINES MOTOR SALES CO. v. HASTINGS MFG. CO.

### No. 13525.

Court of Civil Appeals of Texas. Fort Worth.

March 5, 1937.

Rehearing Denied April 23, 1937.

Ewing Clagett, of Wichita Falls, for appellant.

Smoot & Smoot and J. R. Ogle, all of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

This suit was instituted by the Hastings Manufacturing Company against the Gaines Motor Sales Company to recover the sum of $469.73, principal with accrued interest, alleged to be due on a negotiable instrument designated as a trade acceptance executed by defendant in plaintiff's favor.

In addition to an answer to plaintiff's petition, the defendant filed a plea of set-off and counterclaim based on allegations of facts substantially as follows:

The instrument sued on was executed for the purchase money of a quantity of flexible oil rings and Hastings flexible sets sold to defendant by plaintiff. The defendant was induced to make the purchase by representations of plaintiff that through its system of advertising and its sale agents operating in Wichita Falls, defendant's place of business, and in the surrounding trade territory, a market demand for the merchandise so sold and other related articles handled would be increased from 20 to 40 per cent.; and further agreed that plaintiff would send its sales agents into that territory to assist defendant in disposing of the merchandise so purchased by defendant. And plaintiff further agreed that in the event defendant did not sell the merchandise so purchased within a reasonable time, then it would have the privilege of returning to plaintiff the unsold portions thereof, and to have credit therefor on defendant's indebtedness.

Defendant alleged that it was induced to make the purchase by reason of those representations and promises, which plaintiff had breached.

Defendant further alleged:

"That it has on hand for return to plaintiff for credit, the following merchandise purchased of the plaintiff, under the agreements hereinabove set forth: (here follows an itemized list of articles on hand with prices defendant had charged therefor, aggregating $288.00).

"That defendant is entitled to return the above listed merchandise on hand, amounting to $288.00 for credit on its account; with the plaintiff, as per agreements above set forth, and the defendant will pay the balance sued for when plaintiff gives shipping instructions on the above and credits defendant with said amount of $288.00, which defendant now pleads in set-off as a counterclaim.

"Defendant further alleges that the above amount of its set-off or counterclaim, as itemized above, arose out of, is incident to, and connected with, plaintiff's cause of action. That said amount here plead in set-off is a liquidated claim also."

There were further allegations to the effect that defendant had been unable to sell those articles after endeavoring so to do for a reasonable length of time.

The court sustained a general demurrer and several special exceptions to that plea of set-off and counterclaim, and dismissed the same after defendant declined to amend. Judgment was then rendered in favor of plaintiff against the defendant for the unpaid balance of principal and interest of the trade acceptance sued on, aggregating $520, with 6 per cent. interest thereon from date of the judgment and costs of suit. The defendant has appealed.

The following are statutory provisions pertinent to the issues here involved:

Article 2015, Rev.St.1925: "Whenever any suit is brought for the recovery of any debt due by judgment, bond, bill or otherwise, the defendant shall be permitted to plead therein any counter claim he may have against the plaintiff, subject to such limitations as may be prescribed by law. The plea setting up such counter claim shall state distinctly the nature and the several items thereof, and shall conform to the ordinary rules of pleading."

Article 2017: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not

be permitted to set off any debt due him by the plaintiff. If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. However, the defendant may plead in set off any counter claim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

We believe it clear that the right to plead the set-off and counterclaim was given by those statutory provisions, especially so since the agreements on which it was based arose out of, were incident to, and connected with, the plaintiff's cause of action. 38 Tex.Jur. § 42, p. 370.

The legal· effect of the order sustaining the general demurrer to the plea was to deny defendant any right to rely on a breach of both of plaintiff's agreements made, on which the plea was founded, and if the relief prayed for was sustainable on either, then the general demurrer should have been overruled.

The agreement of plaintiff to furnish a salesman to assist defendant in the sale of the goods could not of itself support the plea for lack of allegation of any facts from which damages for its breach could be determined. As to that complaint, defendant occupied the same relation as plaintiff in an independent suit and subject to the same rules of pleading, and without an allegation of damages suffered the petition therefor would be subject to a general demurrer. 38 Tex.Jur. § 6, p. 292, § 44, p. 317.

There were further allegations in the plea that the agreements so made were fraudulently made, but no relief could be had by reason thereof in the absence of further allegations that the same were made with no intention of plaintiff to perform. Swink v. City of Dallas (Tex.Com.App.) 36 S.W.(2d) 222; Hogan v. Norris Lumber Co. (Tex.Civ.App.) 90 S.W.(2d) 585; 20 Tex.Jur. § 94, p. 141.

Furthermore, defendant waived the right to rely on plaintiff's agreement to furnish a salesman to assist defendant in the sale of the goods and on allegations of fraud, by its admission of liability for the debt sued on, subject only to a credit for the goods on hand which he had not been able to sell and which were tendered back to plaintiff.

Plaintiff's agreement to take back such portion of the goods as defendant should be unable to sell and allow defendant credit therefor on its indebtedness to plaintiff was a separate and independent agreement as a part of the consideration for defendant's contract of purchase and the execution of the instrument sued on by plaintiff. It was in effect an agreement upon sufficient consideration for a rescission of the sale of such portion of the goods as defendant would be unable to sell within a reasonable time. Being a part of the consideration for the instrument sued on, parol evidence to establish it was not inhibited by the parol evidence rule, as insisted by appellee, under decisions cited in which neither failure. of consideration or offsets and counterclaims were invoked, even if, independently of the question whether the offset was a consideration for the debt sued for, the parol evidence rule may be invoked against parol proof of an offset or counterclaim "arising out of or incident to or connected with the plaintiff's cause of action" —a question which it is unnecessary for us to decide. And once the agreement last mentioned is properly proven, it would be available in support of the plea of offset and counterclaim, under the express provisions of article 2017, Revised Civil Statutes.

"In an action on a contract, the defendant may reconvene or maintain a cross-action on a claim arising out of or for damages for breach of the contract sued on, or for breach of another contract which is incident to or connected with it. Thus in an action on a note the defendant may, by way of cross action, plead a setoff or counterclaim for damages for breach of a contract made as a part of the transaction in which the note was given, or for breach of supplemental agreement as to the possession and use by the plaintiff of property mortgaged to secure it. And he may recover by way of cross-action overpayments made on the note, including an amount paid as attorney's fees and costs under a mistaken belief that the note was due.

"In an action for the purchase price of land sold the defendant may set off or reconvene for damages for breach of covenants of warranty of title or against incumbrances.

"In an action for the purchase price of personal property, the defendant may set off damages for breach of warranty, or of other provisions of the contract of sale, or

for breach of another contract incident to or connected with the contract of sale. And in a suit by the seller of personalty not paid for to recover it on the theory that title did not pass, the buyer may reconvene for property accepted by the seller in part payment, or its value.

"The rule also permits the recovery of damages for breach of a building or construction contract, or of a lease or rental contract, or of a contract for the pasturage of cattle, or of a contract of employment, by a cross-action or plea in reconvention in an action on such contract." 38 Tex.Jur. § 28, p. 338.

The action of the court sustaining the general demurrer to the plea of set-off and counterclaim was a denial of defendant's right to any relief based on the parol agreement last mentioned, and for the reasons noted that ruling constituted error for which the judgment rendered must be reversed and the cause remanded; and it is so ordered.

### On Motion for Rehearing.

Following is quoted from 17 Tex. Jur. § 384, p. 848: "As a general rule, parol evidence is admissible to establish the real consideration for a contract, to explain provisions as to consideration and to show want or failure of consideration. The consideration for a written agreement may be inquired into and established by parol proof where the writing itself does not express a consideration. And parol evidence is admissible to show the facts of the case where the instrument recites a described consideration 'and other considerations', or otherwise indicates that there are considerations other than or in addition to that expressed. As a general rule it is permissible to show a consideration different from or in addition to that recited in the instrument."

Also the following from the same volume on page 851: "The rule permitting the consideration to be inquired into is not an exception to the parol evidence rule, but rather a just limitation upon the application thereof. If the recited consideration may be varied by oral evidence without impairing the obligation of the contract, the rule itself has no application. The right to vary or add to the consideration by parol is generally confined to the parties to the contract." See, also, 38 Tex.Jur. § 46, p. 352.

Accordingly, there is no merit in appellee's contention, urged in its original briefs and stressed in its motion for rehearing, that parol testimony necessary to support appellant's counterclaim and set-off would not be admissible because in contravention of the parol evidence rule.

Motion for rehearing overruled.