## BURNELL v. SCHMIDT.

### No. 13536.

Court of Civil Appeals of Texas. Fort Worth.

March 26, 1937.

West & Hightower, of Brownsville, for appellant.

Graham, Graham & Graham, of Brownsville, for appellee.

BROWN, Justice.

Appellee J. H. Schmidt, a former employee of the Burnell Fish Company, which was

a copartnership owned and conducted by appellant B. B. Burnell and others who are not parties to this suit, to which business appellant B. B. Burnell succeeded in ownership by reason of having bought out all the other partners, brought suit in the county court of Cameron county at law against B. B. Burnell to recover the sum of $840 as extra compensation or commission which Schmidt claimed was owing to him on account of his employment, and further sued for the sum of $42.50, alleged to be owing to him on his regular salary for two weeks' services rendered by him to Burnell following said appellant's acquisition of the partnership business. Appellee alleged previous payments made to him in the sum of $315.04, leaving the sum sued for $567.46.

Appellant Burnell answered by general denial and by way of cross-action and counterclaim, alleging that appellee Schmidt was indebted to him in the sum of $641.11, made up of the following items: $366.29, being an overdraft on his salary had during the course of Schmidt's employment; $184.32, being the reasonable value of certain fish and shrimp and express charges thereon alleged to have been converted by appellee during the course of his employment; and the further sum of $90.50, alleged to be a gross overpayment by appellee to his wife out of funds of the business, all of which resulted from her temporary employment.

Appellant Burnell prayed recovery against appellee for such sums and, in the alternative, prayed that if plaintiff recover anything of him, that such recovery so had be offset by the sums due appellant, and that appellant have judgment for the balance.

On the trial, appellee was permitted to offer proof in support of his cause of action, but the court denied appellant the right to offer proof under his cross-action.

The case was tried to a jury and was submitted in charge on two special issues. The first issue inquired whether or not appellant promised to pay appellee the extra compensation sued for, which was answered in the affirmative; and the second issue inquired as to the amount appellant had paid appellee on such account, to which the jury answered $315.04.

Appellee abandoned his count for $42.50 on salary unpaid.

The trial court rendered judgment, awarding appellee recovery of $524.96, being the difference between the amount sued for by appellee and the payments made on account to him. But the court further decreed: "It is further ordered, adjudged and decreed by the court that other than as herein expressly adjudicated no party to this suit will take anything as against any other party in this suit by virtue of any issue that may have been involved herein."

Motion for a new trial having been duly presented and overruled, Burnell, defendant below, appealed to the Court of Civil Appeals at San Antonio and the cause was by the Supreme Court transferred to this court for review.

While there are eight assignments of error, the first seven complain of the trial court's refusal to permit appellant to introduce testimony covering the items set up in his cross-action. The eighth and last assignment of error complains of that portion of the trial court's judgment in which it was decreed that no party to the suit shall recover anything as against any other party to the suit by virtue of any issue that may have been involved in the suit.

It seems apparent that appellant Burnell took over the said copartnership business and succeeded not only to all of its rights and benefits, but obligated himself to shoulder its then existing burdens. This seems to be the theory on which appellee Schmidt brought his suit against appellant.

Article 2014, Rev.Civ.St., provides for proof of payment, counterclaim or set-off by a defendant.

Article 2015, Rev.Civ.St., provides that if suit is brought for recovery of any debt due by "judgment, bond, bill or otherwise," the defendant shall be permitted to plead any counterclaim he may have against the plaintiff, subject to such limitations as may be prescribed by law.

Article 2017, Rev.Civ.St., which provides for a set-off, is as follows: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff. If the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. However, the defendant may plead in set off any counter claim founded on a cause of action arising out of or incident to, or connected with, the plaintiff's cause of action."

Chief Justice Dunklin, of this court, in Gaines Motor Sales Co. v. Hastings Mfg.

Co. (No. 13525) 104 S.W.(2d) 548, has made an exhaustive investigation of the authorities, and we here cite his opinion in support of the conclusions we have reached.

■ All of the items pleaded in offset and counterclaim by appellant Burnell assuredly arose out of, were incident to, and were connected with appellee's cause of action. This conclusion seems inescapable to us, and appellant should have been permitted to introduce proof touching such items, and the issues covering same should have been submitted to the jury.

■ The eighth assignment of error should likewise be sustained.

It makes no difference on what theory the trial court denied appellant the right to introduce testimony covering the items sued for in his cross-action, the trial court was without authority to render judgment forever precluding recovery against appellee.

The judgment of the trial court is reversed, and the cause is remanded, with instructions to the trial court to proceed to trial in a manner not inconsistent with the holdings herein. ·