**FAIRBANKS v. McALLEN et al.**

No. 11259.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1943.

Rehearing Denied April 21, 1943.

582

G. D. Fairbanks, of Austin, for appellant.

Hill & Franki, of Mission, and Kelley & Looney and Hale Schaleben, all of Edinburg, for appellees.

MURRAY, Justice.

This suit was originally instituted by G. D. Fairbanks against A. A. McAllen and E. E. McAllen, as independent executors of the will of Margaret McAllen Fairbanks, deceased, seeking to recover all the live stock in their possession, claimed to be community property of himself and his deceased wife, and also large sums of money. Mrs. Fairbanks was the wife of G. D. Fairbanks and the mother of A. A. and E. E. McAllen. Plaintiff filed his petition on March 16, 1942. Defendants filed an answer and cross-action. Plaintiff filed a plea of privilege to the cross-action which was overruled. Plaintiff dismissed his original suit and trial was had before the court without the aid of a jury upon the cross-action, resulting in a judgment favorable to defendants and interveners. From this judgment plaintiff, G. D. Fairbanks, has prosecuted this appeal.

Appellant's first four points, which are presented together, read as follows:

"Point 1. It was fundamental error for the court to take jurisdiction on the cross-action when necessary parties were not in the case.

"Point 2. It was fundamental error for the court to overrule plea of privilege when controverting plea was filed too late.

"Point 3. It was error of the court not to transfer the case when it had no jurisdiction, for the above two reasons.

"Point 4. The court erred in ruling that late intervention of parties cured former objections, since venue had already changed ipso facto to Cameron County."

■ Appellant first contends that the court could not properly take jurisdiction of the cross-action because the legatees and devisees under Mrs. Fairbanks' will were not parties to the suit at the time the cross-action, seeking among other things a construction of the will, was filed. We overrule this contention. All legatees and devisees under the will were granted leave to intervene in the case before the cause went to trial and thus any want of proper parties was entirely cured.

■ Appellant next complains that the controverting plea of appellees to his plea of privilege was filed too late. The first day of the term was May 4th. Appellant did not file his plea of privilege until May 14th. The controverting plea was filed May 19. Appellant excuses his failure to file his plea of privilege until May 14th because he was not served with any citation to answer the cross-action and he did not have any notice of such cross-action until the first day of the term, May 4th, and that therefore he was entitled to ten days within which to answer by plea of privilege or otherwise. If he be correct in this contention then the defendants had ten days thereafter within which to file their controverting affidavit. In other words, the 14th was appearance day as to the cross-action, if appellant's contention is correct. Rule No. 86, T. R. C. P. The record shows, however, that appellant, with full knowledge of the cross-action, appeared in open court and requested a continuance in the case and, having failed in this, he waived a jury and agreed to a setting of the cause on its merits for June 15, 1942. By such appearance in open court he waived his right to file a plea of privilege.

■ If the plea of privilege be considered on its merits it was properly overruled for a number of reasons. Appellant had selected the forum of the trial by filing his original suit in the District Court of Hidalgo County. The cross-action simply asked for affirmative relief as to the very matters the original suit involved. It was too late after the cross-action was filed for appellant to dismiss his original suit and object to having these matters determined in the forum which he himself had selected by 'the filing of his own suit. Both the original suit and the cross-action called for a construction of the will of Mrs. Fairbanks and the rights of the legatees under the will. Bailey v. Federal Supply Co., Tex.Com.App., 287 S.W. 1090.

Furthermore, the cross-action was a suit to remove cloud from the title to real estate located in Hidalgo County a proper forum in which to try this cause.

Appellant next contends that the District Court of Cameron County, the county in which Mrs. Fairbanks' will was probated, is the only proper court to try a case involving the construction of such will. We overrule this contention. Such court does not have exclusive jurisdiction over such a suit. Gallagher v. Gallagher, Tex. Civ.App., 153 S.W.2d 541.

Appellant next contends that he was not put to an election to take either under the will of Mrs. Fairbanks or independently of it. We overrule this contention. The provisions of the will were in conflict with the laws of descent and distribution. Under the will appellant was given all the personal property in his possession, which consisted, among other things, of cash in bank and bonds and stocks of the aggregate value of $74,377.03. Under the law of descent and distribution he would have been entitled to only one-half of this property. Art. 2578, Vernon's Ann.Civ.Stats. Under the will the homestead in Cameron County was given to Miss Martha Erwina Rohe, while she is single, with remainder to the four children of Mrs. Fairbanks; while under the law appellant would be entitled to a life estate in the homestead. Constitution of Texas, Art. 16, § 52, Vernon's Ann.St.; Oakwood State Bank v. Durham, Tex.Civ.App., 21 S.W.2d 586.

It is clear that appellant has elected to take under the will and, having done so, he cannot also claim all the property and benefits which he would have received if he had refused to take under the will and stood upon his rights under the laws of descent and distribution. Dunn v. Vinyard, Tex.Com.App., 251 S.W. 1043; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; White v. Hebberd, Tex.Civ.App., 89 S.W.2d 482; Edsall v. Hutchings, Tex. Civ.App., 143 S.W.2d 700; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92.

Appellant next contends that inasmuch as Mrs. Fairbanks' will provided that one-fifth of "all monies due or received in the future in oil, gas, or sulphur revenues" shall belong to appellant, after deducting pro rata taxes, he owned one-fifth of the mineral rights in place, and that no oil or gas lease could be executed without his joinder. We overrule this contention. Under the provisions of the will the independent executors were given the right to sell and convey any of the real estate belonging to Mrs. Fairbanks' estate. The land was devised to the four children in fee simple, with the proviso only that appellant was to receive one-fifth of the monies or revenues derived from oil, gas or sulphur under the land after pro rata taxes had been deducted. By such provisions appellant was given no control over the leasing of the land for oil, gas or sulphur, nor was his joinder in such leases necessary. He only had a right to have such monies and revenues divided equally between himself and the four McAllen children after taxes had been deducted.

Finding no reversible error in the judgment of the trial court the same is in all things affirmed.