H. B. ZACHRY V. CHARLES C. ROBERTSON, DOING
BUSINESS AS FORT WORTH PECAN SHELLING CO.

No. A-1808. Decided November 17, 1948.
Rehearing overruled December 15, 1948.
(214 S. W., 2d Series, 949.)

*Dobbins & Howard,* of San Antonio, for appellant.

Where a plaintiff brings a suit out of the county of his residence he submits to the jurisdiction of that court only as to the

matters growing directly out of the subject matter of the suit, and if a cross action is filed which is distinct and severable from the controversy of the main suit, and no special venue is prescribed, he is entitled to be sued in the county of his residence. Homer v. Caudle, 49 S. W. 411; Southwestern Peanut Growers Assn. v. Womack, 179 S. W. (2d) 371; McFaddin v. MacGreal, 25 Texas 73.

*J. Bob Griffin* and *H. S. Lattimore,* both of Fort Worth, for appellee.

In this suit Zachry is a necessary party and is not entitled to a transfer of the cause as to him. Sproles v. Schepps, 26 S. W. (2d) 922; Rowan v. Wurzbach, 44 S. W. (2d) 1033; Rogers v. Ft. Worth Poultry and Egg Co., 185 S. W. (2d) 165.

MR. JUSTICE SHARP delivered the opinion of the Court.

This cause is here on certified questions from the Court of Civil Appeals at Fort Worth, and concerns the action on the part of that court in affirming, by a divided court, the order of the trial court overruling a plea of privilege. The Court of Civil Appeals sustained the motion of Zachry to certify to this Court the questions hereinafter mentioned. We copy from the certificate as follows:

"It is undisputed that at the time the present suit was filed there was in force a contract between C. F. Hutches and H. B. Zachry whereby Hutches bought and sold in his own name large quantities of pecans for and on behalf of Zachry, it being agreed, among other things, that Hutches would seek collection of accounts owing to Zachry in such dealings and would if necessary bring suit, in his own name, for debts that were actually owing to Zachry. Hutches brought the present suit against Charles C. Robertson for damages because of the alleged failure of Robertson to deliver pecans he had agreed to sell to Hutches. The cause of action actually belong to Zachry.

"The suit was filed in Tarrant County, on January 7, 1947. At the times material herein Zachry was a resident of Bexar County. On February 26th Robertson filed a cross-action against the plaintiff Hutches, alleging that Robertson had contracted to buy pecans from J. M. Ara, and that Hutches knew that Robertson expected to make delivery of pecans which he had agreed to sell to Hutches from those expected to be purchased from Ara. That Hutches persuade Ara to sell said pecans to Hutches,

making it impossible for Ara to perform the latter's contract with Robertson. That Robertson would have shelled 200,000 pounds of the pecans to be received from Ara and would have sold them at a profit of $33,725.00, and further that Robertson would have made a profit of $250.00 per hundredweight on the whole pecans he would have sold to Hutches. He prayed for damages against Hutches in the total sum of $43,725.00. On August 11th Robertson filed and amended cross-action against Hutches, and also named Zachry as a cross-defendant. Zachry thereupon filed his plea of privilege to be sued on the cross-action in Bexar County, the county of his residence. Robertson filed a controverting plea, and upon the hearing of the venue question the trial court overruled Zachry's plea of privilege. Zachry appealed from such order.

"In the amended cross-action, Robertson alleged that Hutches was acting for himself as well as for Zachry, and that Hutches and Zachry were each the agent for the other in the transactions described. He again alleged damages with respect to the dealings between Ara and the plaintiff Hutches, and also charged that Hutches and Zachry had entered into a conspiracy in restraint of trade, in order to influence the market price of pecans, alleging finally that Robertson was damaged in the sum of_____ dollars.

"At the venue hearing, Zachry offered evidence for the purpose of showing that on July 15, 1947, Zachry by an instrument in writing assigned all of his right, title and interest in the cause of action to Hutches, and that, therefore, Zachry was neither a nominal nor a real party in interest to the suit at the time he was named as a cross-defendant in the cross-action filed by Robertson on August 11th.

"In the order overruling the plea of privilege, the trial court found that Robertson failed to make out a case of a crime or traspass committed in Tarrant County on the theory of a conspiracy in restraint of trade, but declared, to quote from the order, 'the court is of the opinion that this suit was originally brought by the cross-defendant H. B. Zachry and that he was in fact the plaintiff therein using the name of Hutches for the purpose of suit, and that the cross-action of cross-plaintiff Robertson was seasonably filed, and that the cross-defendant Zachry should defend said cross action in this cause above styled and numbered, and in Tarrant County, Texas; * * *'

"The majority of this court affirmed the order of the trial

court, one member of the court dissenting. Reference is made to the opinions written by the members of the court, for their respective views. Motion for rehearing has been overruled.

"We therefore certify to your Honorable Court the questions set out in appellant Zachry's motion to certify, which are as follows:

"1. Should there be implied to the trial court a finding that the assignment from Zachry to Hutches was not delivered by Zachry to Hutches on or about its date where the court, although admitting said assignment into evidence on the Plea of Privilege hearing while the original cause of action was still pending and although making findings of fact, made no finding on any element of the issue as to whether such assignment was executed and delivered (except that it found that Zachry told Robertson shortly after the date of the assignment that there was nothing more he could do about the litigation—that he had reached a settlement with Hutches with reference to it) where both parties in their briefs recognized that before the filing of the second amended cross-action Zachry had transferred his ownership in the Plaintiff's cause to Hutches, and where the assignment was introduced into evidence by attorneys who were attorneys of record for Hutches in the filing of the suit and where the assignment was acknowledged before a Notary Public?

"2. Should, in view of Rule 419 of the Rules of Civil Procedure, the Court imply a finding to the trial court to the contrary of the facts as stated by both Appellee and Appellant in their briefs?

"3. Was Zachry subject to being sued on the amended cross-action in Tarrant County by virtue of the fact that Hutches (who entered into the contract with Robertson as the undisclosed agent for Zachry) originally instituted the proceeding in Tarrant County (as he was obliged to do under the terms of his agency agreement with Zachry) if prior to the time the amended cross-action was filed naming Zachry a party Defendant Zachry had assigned all of his right, title and interest in the litigation to Hutches, who was at all times the sole Plaintiff of record?

"4. Was the alleged conspiracy in restrain of trade asserted in the cross-action a matter out of or incidental to the subject matter of the main suit?

"5. Was the alleged loss of profits on pecans which Robertson would have purchased from Ara and would have sold to persons other than Hutches except for the alleged wrongful acts of Zachry and Hutches in interfering with the contract between Ara and the Defendant, a matter growing out of or incidental to the subject matter of the main suit?

"6. Was Zachry entitled to be sued in the County where he resides as to the above causes of action set out in the cross-action if they did not grow out of and were not incidental to the subject matter of the main suit?

"7. Should the case have been remanded in the event it is not reversed and rendered so that the lower court may determine what, if any, of the cross-action is so connected with the subject matter of the original suit as that venue thereof may be maintained in Tarrant County?"

The seven questions certified to this Court will not be discussed in the order submitted, and only those deemed controlling will be discussed.

■■ Question No. 3 will be first considered. When Hutches filed the original action against Robertson, it is undisputed that Zachry was the owner of the cause of action sued on, and that Hutches was suing merely as an agent under the instructions set out in the agency contract between him and Zachry. It is clear that Zachry was the real party in interest to this litigation, and therefore was as much before the court as if his named had been used instead of that of Hutches in bringing the suit. Baily v. Trammell, 27 Texas 317; Clark v. Hopkins, 34 Texas 139; McFaddin v. McCreal, 25 Texas 73; Martel v. Somers, 26 Texas 551. When Robertson filed his cross-action against Hutches he was, in effect, filing his action against Zachry, since Zachry was the real party plaintiff to the original suit. When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action. Bailey v. Federal Supply Co., Tex. Com. App., 287 S. W. 1090; Numme v. Spies, Tex. Civ. App., 15 S. W. (2d) 137.

Where a cross-action has been filed asking for affirmative relief as to matter directly connected with the subject matter of the original cause of action, after the cross-action has been

filed it is too late for the plaintiff to dismiss the original suit and object to having the issues of the cross-action determined in the forum of the original suit, rather than in the forum of the residence of the defendant in the cross-action. Anderson, Clayton & Co. v. State, 122 Texas 530, 62 S. W. (2d) 107; Bailey v. Federal Supply Co., supra; Fairbanks v. McAllen, Texas Civ. App., 170 S. W. (2d) 581, writ of error dismissed; Service Drilling Co. v. Woods, Texas Civ. App., 120 S. W. (2d) 608.

This suit, as shown by the certificate, was filed January 7, 1947. On February 26th Robertson filed a cross-action against Hutches. Later Robertson filed an amended cross-action. It is also shown that at the venue hearing, "Zachry offered evidence for the purpose of showing that on July 15, 1947, Zachry by an instrument in writing assigned all of his 'right, title and interest in the cause of action to Hutches," and contended that by reason of such assignment he was not subject to the jurisdiction of the District Court in Tarrant County in this suit. Under the facts of this case Zachry could not defeat the jurisdiction of that court by an assignment of his claim against Robertson to Hutches.

We answer Question No. 3, "Yes."

■ Question No. 5 will be considered next. The cross-action presents two grounds for recovery: (1) That Hutches, by purchasing at their source of supply the pecans he knew Robertson was going to use to fulfill his contract between them, deprived Hutches of his profit under the contract; and (2) that Hutches and Zachry had committed a tort in Tarrant County by their conspiring in restraint of trade.

The second ground for recovery was foreclosed in the finding of the trial court that Robertson had failed to make out a case in restraint of trade or conspiracy. As to the first ground, the certificate from the Court of Civil Appeals discloses the following facts: "Robertson filed a cross-action against the plaintiff Hutches, alleging that Robertson had contracted to buy pecans from J. M. Ara, and that Hutches knew that Robertson expected to make delivery of pecans which he had agreed to sell to Hutches from those expected to be purchased from Ara. That Hutches persuaded Ara to sell said pecans to Hutches, making it impossible for Ara to perform the latter's contract with Robertson. That Robertson would have shelled 200,000 pounds of the pecans to be received from Ara and would have sold them at a

profit of $33,725.00, and further that Robertson would have made a profit of $250.00 per hundredweight on the whole pecans he would have sold to Hutches. He prayed for damages against Hutches in the total sum of $43,725.00."

It is clear that the cross-action is in the form of an action in contract to recover the profits which Robertson would have made had he not been prevented from performing by the action of Hutches. Hearne v. Garrett, 49 Texas 619; Carroll v. Welch, 26 Texas 147; Dodd & Wedegartner, Inc. v. Reed, Texas Civ. App., 69 S. W. (2d) 165 (writ of error dismisseed); 5 Williston on Contracts, p. 3686, sec. 1293A.

It is generally held that in a suit upon a contract, a cross-action in the nature of a suit for breach of the same contract by the plaintiff, or for the breach of another contract closely related thereto, may be maintained, and that the subject matter is incidental to or arises from the main suit, and is proper subject matter for a cross-action. J. B. Goodhue v. V. J. Meyers & Co., 58 Texas 405; Jesse French Piano & Organ Co. v. Williams, Texas Civ. App., 102 S. W. 948; Stump v. Harvey, Texas Civ. App., 96 S. W. (2d) 411; Gaines Motor Sales Co. v. Hastings Mfg. Co., Texas Civ. App., 104 S. W. (2d) 548 (writ of error dismissed); Burnell v. Schmidt, 104 S. W. (2d) 551; 38 Tex. Jur. sec. 27, p. 335, sec. 28, p. 338, sec. 29, p. 343. The trial court in overruling Zachry's plea of privilege said: "The court is of the opinion that this suit was originally brought by the cross defendant, H. B. Zachry, and that he was in fact the plaintiff therein, using the name of Hutches for the purpose of suit, and that the cross action of cross plaintiff Robertson was seasonably filed, and that the cross defendant Zachry should defend said cross action in this cause above styled and numbered, and in Tarrant County, Texas." The majority opinion of the Court of Civil Appeals affirmed the judgment of the trial court in overruling Zachry's plea of privilege. A review of the pertinent facts in this case shows that there is sufficient connection between the subject matter of the cross-action and the subject matter of the main suit to make the cross-action arise from or be incidental to the main suit, and thus maintain venue in the District Court of Tarrant County as to Zachry.

We answer Question No. 5, "Yes."

Since the Court of Civil Appeals has affirmed the finding and holding of the trial court that Zachry was the real plaintiff in the original suit, and that the cross-action of Robertson was

seasonably filed, and that Zachry should defend the cross-action in the District Court of Tarrant County, it becomes unnecessary to answer the other questions certified. The answers made to Question No. 3 and Question No. 5 clearly sustain the holding that the District Court of Tarrant County has jurisdiction of the matters alleged in the cross-action.

Opinion delivered November 17, 1948.

Rehearing overruled December 15, 1948.