Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellants.

**Pearl BACON et vir, Appellants,**

v.

**Stacy Mae BACON et al., Appellees.**

**No. 3932.**

Court of Civil Appeals of Texas.

Waco.

Nov. 2, 1961.

Musslewhite & Musslewhite, Lufkin, for appellees.

WILSON, Justice.

The paternal grandparents of children whose custody is here involved appeal from order overruling their plea of privilege to the mother's cross-action seeking custody.

The mother and father of these children were divorced. The divorce decree awarded custody to the father, giving the mother visitation rights. The father thereafter died. The grandparents instituted an action in Houston County, alleging the grandmother was the lawful guardian of the persons and estates of the minors; that plaintiffs had control and custody of them since infancy, and support and rearing of the children had been their sole responsibility. They averred the children were "spirited away" from their home by the mother, "remaining in hiding until discovered by an officer" until returned to them

under writ of habeas corpus; and that the the mother and other defendants were again threatening to deprive them of custody and possession by removing the children to another county. They asked that defendants be restrained from such action until right of custody could be determined in an independent suit. A temporary restraining order was issued and the application for temporary injunction was set for hearing.

The mother and other defendants thereupon filed pleas of privilege to be sued in Angelina County, which were sustained, the order becoming final. When the cause reached the latter county on transfer, the mother answered and filed a cross-action alleging the children had been theretofore unlawfully removed from her lawful custody in Angelina County, without process, by direction of the grandparents, who had illegal possession of the children. She asked a decree giving her custody and possession of the children and prayed for writ of habeas corpus. The writ was immediately issued.

Shortly after filing of the mother's cross-action and issuance of the writ, the grandparents took a nonsuit in their own action, and filed a plea of privilege to the mother's cross-action, seeking transfer to Houston County, where they reside. From the order overruling this plea the grandparents appeal. Temporary custody of the children, pending hearing on the merits, was given to the grandparents.

The grandparents contend that when they nonsuited, the cross-action was left standing as an independent action; and transfer to the county of their residence was mandatory under their plea of privilege because their dismissed action did not involve the issue of custody presented by the mother's cross-action.

The original action of the grandparents in Houston County invoked action of the court to deal with the persons and personal status of the children. In seeking to obtain or retain physical possession of the children the grandparents "automatically invoked the power of the court to adjudicate custody," and their action "was, therefore, a suit involving custody as well as possession." This proceeding, although "intended perhaps to determine possession only, was one involving custody also." Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79, 82. As in the cited case, they recognized the mother was denying their "right to the possession or continued custody" of the children, "and were asserting an adverse right thereto."

When the grandparents' case reached Angelina County on transfer, its nature, status and character as such continued, and as said by the Supreme Court in Knollhoff, the mother could appear and contest their "right to possession and continued custody of the child, with the ancillary right to file whatever pleadings" she deemed appropriate, 256 S.W.2d 82, 83. It remained a suit involving custody when the mother's cross-action seeking the writ of habeas corpus and praying for custody was filed. Since appellants did not appeal from the order transferring their suit to Angelina County, it was pending there, for our purposes, in the same status as if they had initiated it in that county. The cross-action asked for affirmative relief as to subject matter directly connected with that of the original action. Venue of the cross-action was then fixed in Angelina County, where appellants' suit was pending, and they could not destroy venue by dismissal of their suit. Zachry v. Robertson, 141 Tex. 307, 214 S.W.2d 949, 952, Syl. 3; Bailey v. Federal Supply Co., Tex.Com. App., 287 S.W. 1090, 1091; De La Vega v. League, 64 Tex. 205, 215; Fairbanks v. McAllen, Tex.Civ.App., 170 S.W.2d 581, 582, writ ref.; Connell v. Spires, Tex.Civ.App., 264 S.W.2d 458, 459; Rules 96, 164, Texas Rules of Civil Procedure. We imply no opinion as to propriety of appellants' action. See Prock v. Morgan, Tex.Civ.App., 291 S.W.2d 489; Dillon v. Ewald, Tex.Civ.App., 308 S.W.2d 910, writ ref. n. r. e.

Affirmed.