Mary Leonard CAMPBELL, Appellant,

v.

Charles GALBREATH, Appellee.

No. 4798.

Court of Civil Appeals of Texas.

Waco.

May 8, 1969.

Rehearing Denied June 5, 1969.

Sheehy, Jones, Cureton, Westbrook & Lovelace, L. Wayne Scott, Waco, for appellant.

Reagan & Welch, Thomas Bartlett, Jr., Marlin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant, Mary L. Campbell from an order of the trial court striking and dismissing her plea of privilege to be sued in Harris County.

Appellee Galbreath filed suit in Falls County in 1967 against appellant Campbell, the automobile owner, and Mary Smith, the driver, for damages resulting from an automobile collision in Falls County. Campbell filed a plea of privilege to be sued in Harris County, which was by the trial court overruled. Campbell appealed to this court, and while such appeal was pending, Galbreath took a non suit as to Campbell, (leaving his suit pending as to Smith). After Galbreath took non suit as to Campbell, this court on May 16, 1968 dismissed as moot, Campbell's appeal from the order overruling her plea of privilege.

Thereafter on September 25, 1968 Campbell re-entered the Falls County case, pending between Galbreath and Smith, by filing an instrument designated "Counter Claim", which in fact was an intervention in the suit, in the posture of a plaintiff, and which asserted a cause of action against Galbreath for damages to her automobile, arising out of the collision made the basis of Galbreath's original suit.

On October 4, 1968 Galbreath filed his answer to Campbell's "counter claim", and on November 8, 1968 amended his petition, asserting cross action against Campbell for negligently entrusting her automobile to Smith (and which was substantially the cause of action asserted by Galbreath against her in his original suit).

On December 12, 1968 Campbell filed plea of privilege to be sued in Harris County. Galbreath filed motion to strike Campbell's plea of privilege, on the ground that Campbell asserted a cause of action against him, arising out of the automobile collision made the basis of suit against Smith, and by filing such cause of action, submitted herself to the jurisdiction of the Falls County District Court, and waived her right to insist on her plea of privilege. The trial court after hearing entered its order dismissing Campbell's plea of privilege.

Appellant Campbell appeals, contending the trial court erred in dismissing her plea of privilege on the ground that it was waived, and in not summarily granting the plea of privilege.

■ After Galbreath took a non suit as to his cause of action against Campbell in the suit pending in Falls County (and the Court of Civil Appeals dismissed as moot her appeal from the order overruling her plea of privilege) venue for Galbreath's cause of action against Campbell lay in Harris County. Royal Pet. Corp. v. McCallum, 134 Tex. 543, 135 S.W.2d 958; Slack v. Allen Mil. Academy, Tex.Civ.App., er. dismissed, 289 S.W.2d 783.

■ But when Campbell filed her "counterclaim" in the case in Falls County pending between Galbreath and Smith, she voluntarily submitted herself to the jurisdiction of the District Court of Falls County and waived her right to change the venue of her suit, or any cross action filed as to her suit. Bailey v. Federal Supply Co., Tex.Com.App., 287 S.W. 1090; Anderson, Clayton & Co. v. State ex rel. Allred, Tex.Com.App., Adopted, 122 Tex. 530, 62 S.W.2d 107; Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949.

Campbell asserts that the effect of Galbreath's non suit was res adjudicata as to the venue of Galbreath's present cause of action against her, citing Texas Highway Dept. v. Jarrell, S.Ct., 418 S.W.2d 486. We reject such contention. When Campbell filed her plea in intervention, in the posture of plaintiff against Galbreath, this constituted a total change in the factual situation, and in the resulting rights of the parties.

The trial court correctly dismissed appellant's plea of privilege.

Appellant's points and contentions are overruled.

The judgment is correct. Affirmed.