The **FORT WORTH NATIONAL BANK** et al., Appellants,

v.

**Jonisue Cogdell Bowden STIFF et al.,** Appellees.

**No. 4541.**

Court of Civil Appeals of Texas, Eastland.

May 26, 1972.

Rehearing Denied July 14, 1972.

Law, Snakard, Brown & Gambill (Samuel A. Denny, Robert Randolph & G. W. Parker, Jr.), Ft. Worth, Joe Carroll, Snyder, for appellants.

Shafer, Gilliland, Davis, Bunton & McCollum (W. O. Shafer), Odessa, Hardwicke, Pope, Hobbs, Christie & Montgomery (George F. Christie), Ft. Worth, Gibson, Ochsner, Adkins, Harlan & Hankins (Thomas Morris), Amarillo, Gene L. Dulaney, Snyder, for appellees.

WALTER, Justice.

This is a plea of privilege case. D. M. Cogdell was married twice. To the first union were born two children, Charlotte Cogdell Etgen and Marion P. Cogdell. To the second union were born three children, Jonisue Cogdell Stiff, David Martin Cogdell and William Munsey Cogdell. D. M. Cogdell died on the 15th day of November 1964. His children by his second marriage were named Independent Executors of his will and estate and The Fort Worth National Bank was named as trustee of two trusts created for the use of the two children of the first marriage.

The Bank as trustee filed suit in Scurry County against the Independent Executors of the Estate of D. M. Cogdell, deceased. It sought a declaratory judgment construing the will of D. M. Cogdell, this facet of the suit was severed. The Bank also filed objections to the accounting filed by the executors; it asserted a derivative suit in behalf of the estate against William Munsey Cogdell and David Martin Cogdell, Jr., individually; it asserted causes of action for self-dealing by the executors; it asserted a cause of action for breaches of fiduciary duty and for attorney's fees and expenses.

David Martin Cogdell, Jr. and William Munsey Cogdell, individually and as majority executors filed an amended cross-action against the Bank in its individual corporate capacity and against the Bank as trustee and asserted a cause of action for fraud, misrepresentation and deceit. The Bank in its individual corporate capacity and the Bank as trustee filed pleas of privilege which were controverted and overruled by the court. The Bank has appealed and contends the court erred in overruling its pleas.

It relies on 12 U.S.C., Section 94 which provides as follows:

"§ 94. Venue of suits

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

It also contends that Mercantile National Bank at Dallas v. C. H. Langdeau, 371 U. S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523, constitutes authority for sustaining its points. The statute and the Mercantile Bank case do establish venue in an original suit filed against a national bank, however, the Bank waives venue as to a cross-action arising out of or incidental to the subject matter of a suit filed by the Bank in a county outside the county of its residence. In Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1948) the Court said:

"When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action."

We hold that the matters asserted in the cross-action relate to matters arising out of or incidental to the subject matter of the suit filed by the Bank in Scurry County. The appellants' points are overruled.

The judgment is affirmed.