**WESTERN NATIONAL BANK OF AMARILLO, Texas, Appellant,**

v.

Bobby Lawrence HIX et al., Appellees.

No. 8632.

Court of Civil Appeals of Texas, Amarillo.

Feb. 9, 1976.

Gibson, Ochsner, Adkins, Harlan & Hankins, Wayne P. Sturdivant, Amarillo, for appellant.

W. Doyle Elliott, Friona, Jung & Marley, Harry H. Jung, Jr., Crosbyton, for appellees.

REYNOLDS, Justice.

A national banking corporation appeals from an order overruling its plea of privilege directed to a cross-action filed in a suit commenced by the bank in a forum outside the county of its legal residence. The privilege conferred upon the bank by federal statute to be sued in the county of its legal residence was effectively waived when the bank instituted the suit subject to the cross-action. Affirmed.

The venue record, which consists of the pleadings and an exhibited deed, shows that Bobby Lawrence Hix, the fee simple owner of certain real estate situated in Parmer County, Texas, executed and delivered his promissory note to Western National Bank of Amarillo, Texas, a national banking corporation with legal residence in Randall County, Texas. Dated and recorded nine months later, a warranty deed, upon which are subscribed the names of Bobby Lawrence Hix and wife, Madonna Hix, recites the conveyance of Hix's real estate to M. Ken Morrison and Alvin C. Morrison. Six months thereafter, the bank recovered a money judgment on Hix's unpaid note and execution issued.

Prior to the return of the writ of execution, the bank instituted this suit in Parmer County, naming Bobby Lawrence Hix, M. Ken Morrison and Alvin C. Morrison as defendants. The purpose of the suit is to set aside the conveyance made to the Morrisons in order that the real estate may be liable to sale by execution to satisfy the bank's judgment against Hix. The grounds alleged are that Hix did not possess the mental capacity necessary to execute or to authorize the execution of the conveyance, and that the Morrisons, or persons known to them, attempted to place Hix's signature on the deed. After denying the bank's allegations, the Morrisons filed a cross-action seeking actual and exemplary damages from the bank. The gist of the cross-action is that pursuant to the bank's threat to do so, the bank maliciously filed its suit for the sole purpose of coercing the Morrisons to pay Hix's obligation, which they did not owe, in order to protect their investment in the land they had purchased for good and valuable consideration without knowledge of Hix's mental condition.

The bank addressed its plea of privilege to the cross-action, asserting the right to defend in Randall County under the provisions of 12 U.S.C. § 94 which, insofar as material here, reads:

Actions and proceedings against any association . . . may be had in . . . any State . . . court in the county . . . in which said association is located having jurisdiction in similar cases.

The plea was controverted and, following a hearing, the bank's plea of privilege was overruled. The bank has appealed and the Morrisons have responded as appellees.

The provisions of 12 U.S.C. § 94 are given a mandatory meaning. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). Notwithstanding, a national banking corporation may waive the venue privilege by its conduct, and it does effectively waive the privilege with respect to a cross-

action arising out of the main suit initiated by the bank in a forum outside the county of its legal residence. *Exchange National Bank of Chicago v. Abramson,* 45 F.R.D. 97 (D.C.Minn.1968).

While acknowledging the waiver rule, the bank insists that under the pleadings it did not waive its privilege to defend the cross-action in Randall County. Citing Rule 97(g), Texas Rules of Civil Procedure, to-wit:

> Tort shall not be the subject of set-off or counterclaim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same,

the bank argues that the Morrisons' cross-action neither arises out of nor is incidental to its suit because its suit is predicated on contract and the cross-action is one sounding in tort. We do not agree.

■ Although the bank's suit was instituted for the purpose of satisfying its judgment resulting from its contract with Hix, the suit is not predicated on contract, but it is in the nature of an equitable proceeding to cancel a conveyance of its debtor's land because of fraud. *Eckert v. Wendel,* 120 Tex. 618, 40 S.W.2d 796, 797 (1931). The only basis for the cross-action is the filing of the bank's suit and, as such, the cross-action arises out of and is connected with the suit itself. Thus, the cross-action is sanctioned by Rule 97(g), T.R.C.P., and the bank's institution of the suit in a forum outside the county of its legal residence constituted a waiver of the venue privilege conferred by 12 U.S.C. § 94. *Fort Worth National Bank v. Stiff,* 482 S.W.2d 337 (Tex.Civ.App.—Eastland 1972, writ dism'd), *cert. denied* 410 U.S. 932, 93 S.Ct. 1375, 35 L.Ed.2d 594 (1973).

The judgment is affirmed.