Lee RATNER and John Zuro, Individually and d/b/a the Grant Company, Appellants,

v.

Elliott H. POWERS et al., Appellees.

No. 5135.

Court of Civil Appeals of Texas, Eastland.

April 20, 1978.

Rehearing Denied May 4, 1978.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellants.

Hayden Burns, Houston, for appellees.

BRADBURY, Justice.

This is a venue case. Plaintiffs, Lee Ratner and John Zuro, individually and d/b/a The Grant Company, sued defendants, Elliott H. Powers, J. F. Freel, Sioux Natural Gas Corporation and Sioux Pipeline Corporation, in trespass to try title in Comanche County. Defendants' plea of privilege seeking to remove the case to Harris County was sustained. Plaintiffs have appealed and we affirm.

Plaintiffs relied on Article 1995, Subdivision 14, V.A.C.S., to maintain venue in Comanche County. Defendants contend that plaintiffs waived their right to maintain this suit in Comanche County. We agree.

A few months before the filing of the instant suit, plaintiffs sued defendants, except Sioux Pipeline Company, in Harris County. Defendants in the Harris County suit by counterclaim prayed that cloud be removed from their title and that title be quieted in them. After defendants had filed their counterclaim, the plaintiffs answered it and then took a nonsuit as to their case.

The suits in both counties were the outgrowth of a series of contracts executed in 1974 where oil and gas properties in a number of West Texas counties, including Comanche County, were assigned with plaintiffs retaining a 25% interest. In the Harris County case, plaintiffs asked for an accounting and, in the alternative, for rescission and a reconveyance of the properties to them. They also prayed for injunctive relief. In the original petition in Comanche County, plaintiffs asked for substantially the same relief asked for in their Harris County case and, in addition, prayed for damages based on alleged fraud. Plaintiffs then filed their first original amended petition pleading only for trespass to try title and for $10,000,000.00 as rental value of the properties. It is undisputed that some of the land involved is located in Comanche County.

Defendants contend that the plea of trespass to try title is insufficient and in any event plaintiffs have waived their right to have the case tried in Comanche County. Plaintiffs contend that in view of their plea of trespass to try title, Subdivision 14 of Article 1995, V.A.C.S.,[1] was applicable, and it was mandatory that the case be tried in Comanche County. They rely on *Leonard v. Carter*, 389 S.W.2d 147 (Tex.Civ.App.— Fort Worth 1965, writ dism'd), wherein the court said:

1. "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to

prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

". . . Vernon's Ann.Tex.Civ.St., Art. 1995, 'Venue, general rule', provides in general that an inhabitant of Texas shall be sued only in the county where he has his domicile. Subdivision 14, 'Lands', constitutes an exception to said general rule. Thereunder it is made mandatory that: 'Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.' "

■ Although in mandatory language, Subdivision 14 is a matter relating to venue and can be waived and was waived in this case.

In *Tunstill v. Scott*, 138 Tex. 425, 160 S.W.2d 65 (1942), the court said:

"Even if the suit is correctly classified as one within the terms of subdivision 14, the Court of Civil Appeals should not have rendered judgment transferring the cause to Gregg County. There was no pleading to support that judgment. No party to the suit sought by pleading to have the cause transferred to Gregg County. Subdivision 14 of Article 1995, which provides that suits for the recovery of land, etc., must be brought in the county where the land may lie relates to venue and is not jurisdictional. Every district court has jurisdiction over the subject matter of such suits; and since the requirement is one of venue or privilege, and is not jurisdictional, it may be waived. *De La Vega v. League*, 64 Tex. 205, 214; *South Texas Development Co. v. Williams*, 130 Tex. 217, 107 S.W.2d 378; *State v. Patterson*, Tex.Civ.App., 40 S.W. 224; *Wolf v. Willingham*, 43 Tex.Civ.App. 167, 94 S.W. 362; *Lanier v. Looney*, Tex. Civ.App., 2 S.W.2d 347, 350, application for writ of error refused. As said in the case last cited, this statute 'merely furnishes a venue privilege of which a party may avail himself.' "

In *Camellia Diced Cream Company v. Chance*, 339 S.W.2d 558 (Tex.Civ.App.— Houston 1960, no writ), the court stated:

"Notwithstanding the use of the word 'must' in Subd. 14, our courts have held that the district court has jurisdiction over the subject matter of suits for the recovery of damage to land and the requirement that suit be brought in the county where the land is located is one of venue or privilege, and not of jurisdiction, and it may be waived. The statute merely furnishes a venue privilege of which a party may avail himself . . ."

■ When plaintiff selects the forum for trial, then all matters arising from the same subject matter or which require or permit a defendant to set up in a counterclaim are to be tried in such county and plaintiff waives his right to have the case tried in another county. In *Zachry v. Robertson*, 147 Tex. 307, 214 S.W.2d 949 (1948), our Supreme Court said:

". . . When the plaintiff instituted this suit in Tarrant County he submitted himself to the jurisdiction of the District Court of Tarrant County as to all matters arising cut of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action . . .

Where a cross-action has been filed asking for affirmative relief as to matter directly connected with the subject matter of the original cause of action, after the cross-action has been filed it is too late for the plaintiff to dismiss the original suit and object to having the issues of the cross-action determined in the forum of the original suit, rather than in the forum of the residence of the defendant in the cross-action . . ."

In accord, *Vanguard Insurance Company v. Young*, 511 S.W.2d 65 (Tex.Civ.App.—Houston (1st Dist.) 1974, no writ); *Hurst v. Stewart*, 526 S.W.2d 668 (Tex.Civ.App.— San Antonio 1975, writ dism'd); *Mumme v. Spies*, 15 S.W.2d 137 (Tex.Civ.App.—San Antonio 1929, no writ); *Fort Worth National Bank v. Stiff*, 482 S.W.2d 337 (Tex.Civ. App.—Eastland 1972, cert. denied); *Connell v. Spires*, 264 S.W.2d 458 (Tex.Civ.App.— Eastland 1954, no writ).

■ Plaintiffs, by bringing suit in Harris County and asking for an accounting and, in the alternative, for a rescission of the contract, submitted themselves to the jurisdiction of the district court of that county as to all matters arising out of or incident to the suit. This constitutes a waiver of their right to maintain suit in Comanche County where part of the land in question is located as there is a sufficient relationship between plaintiffs' suit and defendants' counterclaim to show that the latter arises out of, or is incidental to, the subject matter of the main suit. *Bailey v. Federal Supply Co.,* 287 S.W. 1090 (Tex.Comm.App., 1926); *Hurst v. Stewart,* supra; *Fairbanks v. McAllen,* 170 S.W.2d 581 (Tex.Civ.App.— San Antonio 1943, writ ref'd); *Campbell v. Galbreath,* 441 S.W.2d 297 (Tex.Civ.App.— Waco 1969, writ dism'd).

Judgment of the trial court is affirmed.